**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ZACHARY A. WITTE**
Locke & Witte
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHELTON B. STEPHENS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  02A03-1311-CR-439 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Samuel R. Keirns, Magistrate
Cause No. 02D04-1003-FB-47

June 12, 2014

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Shelton Stephens appeals the trial court's revocation of his probation and argues that the trial court erred when it ordered the remainder of his suspended sentence to be executed. Stephens contends that his violations were minor or technical in nature and asserts that he never viewed the videos that were the subject of the violation. In light of Stephens's failure to adhere to the requirements of his probation, we cannot say that the trial court erred in revoking his probation or in executing the remainder of his suspended sentence. Therefore, the judgment of the trial court is affirmed.

FACTS

On March 18, 2010, Stephens was charged with rape and contributing to the delinquency of a minor. On September 2, 2010, he pleaded guilty to both charges. Stephens was sentenced to ten years on the rape charge with six years suspended and to one year for contributing to the delinquency of a minor. The sentences were to be served concurrently.

In July 2013, Stephens was placed on Allen County Community Control. As Stephens pleaded guilty to rape, he was subject to additional probation conditions listed in the Allen County Community Corrections Sex-Offender Addendum (Addendum). One of the conditions in the Addendum stated: "I shall not possess or view any matter that depicts, describes, or represents nudity, sexual conduct, sexual excitement, or sado-masochistic abuse." State's Ex. 1; Tr. p. 13-14. At the probation revocation hearing,

2

Allen County Probation employees Ryan Koch and Ashely Cameron testified that Stephens consented to the Addendum during intake procedures.

On August 8, 2013, Allen County Community Correction field officer Douglas Guillaume conducted an unannounced home visit with Stephens. Guillaume found a stack of DVDs. In it he discovered four DVDs that appeared to contain nudity and sexual conduct; one DVD stated that it contained a scene of rape. After viewing the films, the trial court determined that three of the DVDs, State's Exhibits 2, 4, and 5, contained inappropriate material.

The trial court revoked the remainder of Stephen's suspended sentence and committed him to the Department of Corrections for two years. Stephens was granted seventy-five days of jail-time credit and twenty-one days of home detention credit.

Stephens now appeals.

DISCUSSION AND DECISION

The decision to revoke probation is within the sole discretion of the trial court. Reyes v. State, 868 N.E.2d 438, 440 (Ind. 2007). On appeal, we review that decision for an abuse of discretion. Woods v. State, 892 N.E.2d 637, 639 (Ind. 2008). We consider only the evidence most favorable to the judgment without reweighing the evidence or judging the credibility of the witnesses. Id. If we find there is substantial evidence of probative value to support the trial court's decision that a defendant violated the terms of his probation, this Court will affirm the trial court's decision to revoke probation. Id. at 639-40.

3

Stephens argues that the trial court erred in executing the remainder of his suspended sentence. More particularly, Stephens contends that the violations were minor and technical in nature and states that he did not view the videos that were the subject of the violations. He also maintains that, while they may contain material in violation of the sex offender rules, the videos that are the subject of the violation do not focus on the prohibited material and do not contain a significant amount of the prohibited material.

The evidence at the probation revocation hearing showed that Stephens possessed movies that contained prohibited material in violation of the Addendum. The trial court heard evidence that Stephens was aware of the requirements of the Addendum. Moreover, the trial court viewed the DVDs and found that they did contain inappropriate material. Moreover, Stephens concedes that he violated his probation; he argues only that the violation did not warrant the revocation of his probation. Appellant's Br. p. 11.

As noted above, if we find there is substantial evidence of probative value to support the trial court's decision that a defendant violated the terms of his probation, we will affirm the trial court's decision to revoke probation. Woods, 892 N.E.2d at 639-40. In light of the evidence and Stephen's concession that he did violate his probation, we find that there was substantial evidence of probative value to support the trial court's determination that Stephens violated his probation.

The judgment of the trial court is affirmed.

BARNES, J., and CRONE, J., concur.

4